We'll hear argument first this morning in Case 14-8358, Lockhart v. United States. Mr. Zass. Mr. Chief Justice, and may it please the Court, this case concerns the 10-year mandatory minimum prison sentence that Section 2252b2 sometimes requires Federal judges to impose. The statutory language in dispute reserves this severe punishment for a defendant with a prior State conviction for an offense relating to any kind of sexual abuse involving a minor or ward. Because Petitioner's prior offense did not involve a minor or ward, the statute's mandatory minimum penalty does not apply to him. Ginsburg, suppose the conviction had been under Federal law, the conviction for sexual abuse of an adult, and we have the same question, does the mandatory minimum apply? I take it if it had been under Federal law, then the mandatory minimum would apply. That's correct. If the conviction had been under Chapter 109A of Title 18, which covers sexual abuse offenses, then it would trigger the mandatory penalty. But Congress, in this statute, since the time it was first enacted in 1978, has never sought to create symmetry or parity between the Federal predicates and the State predicates. This may be most clear now in subsection 2252b1, where you can see that a prior Federal conviction for sex trafficking of anyone, which is a violation of Section 1591, the corresponding State analog is textually limited to sex trafficking of children. So this decision to treat prior State and Federal predicates differently is inescapable, and it's been true ever since the first statute. So from 1970 to today, the Federal predicates are inescapable. Kennedy, I don't understand why it's inescapable. It does seem to me that Congress, 8 years later, when it wrote the second statute, used the same style and that this very much favors the government. But then you say that that's inescapable because? Because when this language was first added – first, it was added in 1994. Yes. The Federal predicates. At that time, there were still no State law predicates at all. In 1996, when the language was first introduced, and it was then introduced in section – subsection b1, which applies to the distribution and receipt offenses, even then, the penalty for simple possession of child pornography was the only Federal predicate. So someone in Mr. Lockhart's position at that time would not have faced the mandatory minimum penalty, even if people who committed the distribution offenses would, or even if he had a conviction for under Chapter 109A. So – and then in 1998, when this language in dispute was then added at the government's urging to subsection b2, even at that time, Congress clearly wasn't aiming for parity, because then they added a new Federal predicate, Chapter 117 offenses, which are violations of the Mann Act, transportation for illegal sexual activity. But at that time, it didn't add any State law – State offense analog for that offense. This has continued up to the present day. So in 2003, there were amendments to add the obscenity offenses, the Federal obscenity offenses in Chapter 71 to the list of Federal predicates, but no corresponding State crime for obscenity offenses. The only – Ginsburg, you are now for the manufacturing and distribution offenses. We have your position on the possession, when you say there's a disparity between a Federal conviction and a State conviction. How about a conviction either for manufacturing or distribution? Yes. So that offense is covered by the different provision of Section 2251e. That's the penalty provision for the much more serious crime of actually using minors or children to produce this material. The language in 2251e, as amended in 2006, is different. It does seem to track, to qualify the predicates to include State law abuse offenses that involve adults as well as children. But that's because there's an important textual difference between Section 2251e and the statute we're talking about. So if you go back to Section 2252b-2, you'll see an important textual point here, which is the word ‶ or ″. This may be easier to follow if you actually look at the statute, if you don't have it open, in the statutory appendix to the blue brief at pages ‶ 10a ″. You'll see that the list is written as aggravated sexual abuse, sexual abuse, abusive sexual ‶ or ″ abuse of sexual conduct involving a minor or ward, or a bunch of other offenses. The ‶ or ″ before abusive sexual conduct would not be there on the government's reading. That is, if abusive sexual conduct involving a minor or ward were an independent standalone offense, the ‶ or ″ does no work. It's unnatural to be there. The list would just read aggravated sexual abuse, sexual abuse, abusive sexual conduct involving a minor or ward, or, and it would continue. Alitoson Well, there's another possible explanation for that, because the last item in the list itself involves a great many ‶ itself involves a list ″, so the second ‶ or ″ could be a substitute for a semicolon. Let me ask you another question about the language that you just read. As I understand your argument, this provision would apply to sexual abuse involving a minor and also abusive sexual conduct involving a minor. Is there any difference between those two things? Verrilli, No, Your Honor. We've been Why did Congress put them both in? Verrilli, Well, because I think the first point here is it must be for the same reason it used aggravated sexual abuse at the beginning of the list, which I think both sides agree does no independent work. It's already covered. Alitoson Well, there's an next ‶ there's something that jumps out. It's a strange list. Aggravated sexual abuse, sexual abuse, sexual abuse would include aggravated sexual abuse. So that seems to be the reference to aggravated sexual abuse seems to be redundant. And abusive sexual conduct, if understood in ordinary ‶ in the terms of ordinary language ″, does seem to duplicate sexual abuse. But there's an explanation that jumps out, and that is that this ‶ almost ‶ this terminology appears in sections 2241, 2242, and 2243. And in those provisions, all those terms are defined so that they mean something different. So it seems to jump out at the reader that that's what Congress was doing in this list. Why is ‶ what is wrong with that? ″ Verrilli, Well, first, if you go back to the time this language we're talking about was first added in 1996, that Congress not only knew how to do what Your Honor is suggesting, that is, to be tracking the Federal predicates exactly, because in a different provision, the provision that became 2241c, it did exactly that. It describes State offenses whose conduct would constitute a Federal crime if committed within Federal jurisdiction. So they didn't do that here, and they didn't do it again when they added the term ‶ almost ‶, when they added the particular language in 1998 to ‶ be too ″. Again, I'm sorry, I don't follow that. As I see it, they did, as Justice Alito said, track pretty much exactly 2241, 2242, and 2243 in developing the list that they add that's before us today. I didn't understand your response. Verrilli, Mr. Chief Justice, there are really two responses. One, the one I gave to Justice Alito, is that this Congress in 1996 and 1998 knew how to track when they wanted to track. They did so explicitly in other provisions of the same legislation. In 1996, the other provision was 2241c. In 1998, the other provision was 2426b. So it knew how to do it and didn't do it and has never done it. Well, it could have done it more clearly. That's certainly the answer to this whole case. They could have handled this issue a lot more clearly. But that is the idea that they were picking up the definitions in the Federal provisions is one explanation for this rather strange ‶ this list ″. The other makes the list terribly redundant, and I haven't heard your explanation as to why they would do that. Why include both sexual abuse and aggravated sexual abuse? Why include sexual abuse and abusive sexual conduct? Verrilli, Two responses, Your Honor. First, and this goes to the Chief Justice's question as well, this list does not track the Federal predicates as precisely, I think, as some have suggested. The Federal list of predicates has four crimes, aggravated sexual abuse, sexual abuse of a minor or ward, and abusive sexual contact. If Congress had meant to track those, they surely would have used the same four-prong list. They didn't do that. Instead, they used a different term, abusive sexual conduct. Kennedy, I don't understand how that answers the redundancy question. There's redundancy in both interpretations, but much more in yours than in the government's. Verrilli, Well, I disagree with that. I think the government reads the modifying clause out of this statute in terms of doing any operative work at all. But let me respond. Kennedy, I'm not sure how your answer was responsive to Justice Alito's redundancy question. Verrilli, It wasn't, but that's the second part of the answer. The redundancy here was meant to go very broadly, to pick up not the Federal predicates, but any terms or crimes that the States might create. So we cited this in the yellow brief in reply. You'll see that the States call sexual abuse a variety of different things, including aggravated sexual abuse of a minor, sexual abuse of a minor, abusive sexual misconduct. So Congress is using these redundant terms, as it sometimes does, to emphasize inclusiveness. Whatever the label is, Congress wanted to protect children by picking those up. But it limited, it limited the reach of the terms by setting a bright-line floor, and that floor was at children. The statute, after all, its principal purpose, as its title, as the title of Chapter 110 suggests, is about protecting against sexual exploitation and other abuse of children. Kagan. Kagan. Kagan. Mr. Zass, is it possible, when you read these three terms, as you say, Congress might have meant to be just trying to pick up every conceivable State statute it could think of, but it's possible also to think of these as the aggravated sexual abuse is the worst offense, the sexual abuse is the medium offense, and the abuse of sexual conduct is actually a somewhat more minor offense. In other words, it might include things that are not sexual abuse themselves. Let's say indecent exposure or something like that. And if you understand the provisions in that way, as sort of going from the top to the bottom and meant to pick up everything, then it would seem that the involving a minor or ward really ought to refer to all of them. Right? That there's no reason why the involving a minor or ward would refer only to the most minor offenses as the others. Well, I think Your Honor makes a good point. We have not been able to. Maybe I said that wrong. I think I said the exact opposite of what I meant. It made sense to me, though. If you read them going down, right, well, what do you think would follow? What do you think would follow from that understanding of this list? Well, Your Honor, we have tried to figure out what in the world the difference is between sexual abuse and abuse of sexual conduct when you give these terms their ordinary meaning. There is no meaningful difference. Sexual abuse, as ordinarily defined, is just the misuse, physical or nonphysical, of another. But just presume with me that abuse of sexual conduct is supposed to be — is supposed to include some things that sexual abuse would not. What do you think follows from that? Well, again, first, even with that assumption, you have this prefatory language to the list here, relating to, which this Court has defined, has interpreted, to be very broad. It only means to stand in some relation to. Now, what I think you would say is that if it's in descending order like that, you don't have to make the third one, which is already less than the second, which is less than the first, you don't have to make the third one a teeny, teeny, teeny third one by tagging on children only to the third and not to the other two. It seems to me much more regular to assume, as you do, that the limitation to children applies to all three of these descending crimes. And isn't that the answer? Yes, Your Honor. Your answer. It is the answer, and it is essentially an instance of the principle that has come to be known as the series qualifier. But the problem with that is — maybe I'm wrong, but I think you have conceded that there is no difference between the last two, that it's not descending. I mean, it's Justice Kagan who's suggested that abuse of sexual conduct could mean exposure, for example, indecent exposure, which would probably not fit the second — the second term. Haven't you conceded that the two are the same? Yes, we have, but we don't view it as a concession. We have allowed for the possibility, as Justice Kagan, I think, is trying to do, of trying to come up with some fine distinction in meaning between the last two terms. But whether there is or isn't a little bit of daylight between those terms, it's all overcome by the terms relating to. Anything relating to one is going to relate to the other. And pity the poor district judge who would have to decide in cases around the country, does this offense relate to sexual abuse, in which case on the government's reading, it doesn't matter whether a minor reward was involved, or does it relate to this other category of abusive sexual conduct, which as far as we can see, it's an abusive sexual contact, right? Not in our list. That's the language from the Federal predicates. The separate crime in 2244 is abusive sexual contact. Our list is abusive sexual conduct. As far as we can tell, no one has ever explained what in the world the difference is. Breyer. Well, it might be when did they write? We're looking at, call it, your section, which is A-4, is that right? Or what is it? It's set, you know, for the three things in it. The one you're interested in is, I don't want a name for it. Yes. Can I call it your section? It's the penalty provision. Can we call it your section? You can, Your Honor. Your section. Then think of several other sections, which are the one I hadn't thought of that which Justice Alito raised. That's really suspicious, the way that looks there, 41, 42, 43. Now, 41, 42, 43, law or written before the relevant parts of your section were written? They were Federal predicates prior to the section. If that's so, and I don't know if this helps you or hurts you, but it seems to me that there is a ready-made right there for a drafter explanation of why he uses these words, because we first look to 41, and that's aggravated. And then we look to 42, and that's sexual abuse without aggravated. And conduct is just the same as contact, but the drafter is thinking maybe we should go a little bit bigger. Now, the difficulty is in each of the sections I've mentioned, there is a special related section for children. So the difference between the two for adults is the nature of the force requiring a person to perform a sexual act. A threat of violence, et cetera, that's one, right? And then the next section, abuse, it can be some other kind of threat. Then we get to the way it deals with children, and it deals with children under the 12, under 12, that's one, and it deals 12 to 16, that's the next. And then we have a section called contact, and that has to do with sex acts, basically, that really weren't sex acts but for a certain kind of conduct, which is defined. All right? So I read this, I say, hey, that's what they picked up. They just, the drafter just picked it up and changed a little bit, but that's what he had in mind. Then the question is, your question, and in your favor, I think, is the fact that each of these earlier sections does have a special section dealing with children under the same number. Now, don't tell me I'm right if I'm not right, but that's what I suddenly saw when Justice Alito asked this question. Just tell me your reaction. Well, you're not going to tell me I'm right. I wouldn't do that. The courts of appeals that have addressed this precise question, just so it's clear, none of them, they've all rejected the idea that I think starts the premise here, which is that Congress meant to, meant for courts to interpret these terms by reference to the Federal predicates. In fact, that's the government's position here as well. So the parties are on common ground in saying that these weren't meant to track the Federal predicates, and as I pointed out earlier, Congress not only knew how to do it when they wanted to, they did it in these two pieces of legislation in 96 and 98. Now, it's true that these terms existed in the Federal predicates before they were added to this section, but they also exist all around the country in the 50 States. So Congress wasn't trying to track them. It could have just said any State offense that would be a violation of Federal law if in Federal jurisdiction. It didn't do that. It was recognizing that States do all kinds of things, and it's using these terms to say anything relating to, it doesn't have to even be sexual abuse, it just has to relate to sexual abuse. But because that could pick up misdemeanor sex offenses around the country, committed only against an adult, public lewdness would be an example. That crime, we cited one statute in the briefs, that's the statutory maximum is 30 days in jail. But if that were picked up, suddenly someone who is in Federal court with their first offense, the first Federal offense of possessing child pornography is suddenly going to have their sentence go. Alito, your argument is that it is just a coincidence that Congress came up with this list of three terms that are redundant and that just so happen to be almost exactly the same three terms in the same order that appear in the Federal provisions. No, I don't mean to say that. It's not a coincidence. Congress would naturally use terms that it is familiar with, that are in the Federal chapter, but that's very different. They didn't use the same terms. That's right. But the third term is different. But they used the same terms. Do you think that was an accident, that the third term was different? No. I think the Court presumes that when Congress uses a different term, it acts deliberately. And I think when they use sexual abuse and sexually abusive conduct, they were not they had in mind the Federal provisions, but they didn't want those terms in this provision to mean the same thing as they mean in the Federal provision, even though according to you, there is no generally accepted understanding of the difference between sexual abuse and abusive sexual conduct. That's right. That's right. They didn't. I'm sorry. Chapter 110, the chapter that contains this statute, has its own definitional section. There is no definition there of any of these terms. The only potentially pertinent term that's defined is the term minor, which is defined differently in this chapter than it's defined or used. When sexual abuse is defined and abusive sexual contact is defined, are they not? They are defined in Chapter 109A. But as Justice Scalia pointed out, they didn't use abusive sexual contact. They used abusive sexual conduct. So it could be viewed as that's going broader, but with a floor. We want a bright line. If you commit any kind of sexual abuse, not only sexual abuse, but anything relating to sexual abuse, you're going to face these severe penalties so long as it involves a minor or ward. That's the focus. Congress was trying to protect children and to punish and deter those who would harm them. There is nothing in the history or the understanding of these provisions at the time of enactment to suggest that they were also focused on sexual abuse, State sexual abuse crimes against adults. Now, that's a serious crime. No one disputes that. But it wasn't the focus of this legislation. Kagan. But why would they be focused on Federal sexual abuse involving adults, but not State sexual abuse involving adults? Because the 1996 Congress was focused on a very specific problem that they identified, and that's the link, the connection between child pornography and other sex offenses against children. So that was their focus. And given that focus, and given that the other State law predicates in this statute are also limited to crimes against children, they naturally limited these offenses as well to children. No, but the Federal predicate, Section 109, I believe it is, does apply to adults as well. So why would they be focused on adults with respect to Federal offenses, but not with respect to State offenses? Because I think most importantly, Congress controls the Federal crimes. It creates them. It knows what they are. They are a finite set, and it knows that those predicates are not going to change without congressional action. Once the national legislature has to consider 50 penal codes around the country, which can change at any time and can cover things that may relate to sexual abuse or abusive sexual conduct, Congress reasonably may have decided that it didn't want to sweep that broadly. So it, again, created this flaw. Involving a minor reward was the key phrase, and our reading is the only one proposed that gives it some operative work to do. I'd like to reserve the balance of my time for rebuttal. Thank you. Roberts. Thank you, counsel. Ms. O'Connell. Mr. Chief Justice, and may it please the Court. This case involves two competing canons of statutory interpretation, and there are four basic reasons why we think the government's interpretation is correct.  First, the Court would have to conclude that Congress created a list of three things, two of which are the same. Second, our interpretation is consistent with the only possible reading of section 22. Scalia Excuse me. Let's do them one by one. On the first one, even under your interpretation, two of the three are the same, aren't they? Under our interpretation, what we've said is that the first category and the third category are logically subsets of the more general category of sexual abuse. But there's a couple of explanations for why Congress may have done that. The first is that when they added these state law predicates to the section 2252b1 for the first time in 1996, there already were Federal predicates on the list that included aggravated sexual abuse, sexual abuse, and sexual abuse of a minor or ward. So even though it may be true that Congress could have covered everything it wanted to cover in the state law crimes by just saying sexual abuse, it would have opened itself up to arguments if it had just said all of those Federal crimes and then any state law relating to sexual abuse, that those other types of sexual abuse under state law were not covered. Especially with respect to the third category, sexual abuse or abusive sexual conduct involving a minor or ward, Congress made clear when it included that third category that it was picking up state law offenses where a person is deemed incapable of consenting to sexual contact or sexual conduct because of their status as either a minor or a ward. So our interpretation can be explained. There is redundancy, and we're not asking for just a straight invocation of the canon against surplusage. Both interpretations contain surplusage, but it's a reason why it doesn't make sense to apply the series qualifier canon here, because it's the same. Alito, why do you resist the argument that what Congress was doing was picking up basically the definitions of the Federal offenses that are worded almost identically? If that's what they are doing, then it's understandable what is meant by all three terms. If that's not what they were doing, it's a strange coincidence, and not only is there redundancy, but there's ambiguity about what is meant by sexual abuse as opposed to abusive sexual conduct and why they had to put in aggravated sexual abuse in addition to sexual abuse. Justice Alito, we don't think that Congress was trying to pick up the exact definitions of the three Federal statutes, and we think that's most clear, as Petitioner pointed out, by the fact that there are other provisions in this chapter where Congress used different language when it wanted to do so. The most clear example is the recidivist provision for the sexual abuse offenses. Alito, they could have done it more clearly, of course. The statute is poorly drafted. You know, we give them a D for their drafting of this statute. But what is the difference between sexual abuse and abusive sexual conduct? Putting aside the definitions of those terms or similar terms in Chapter 109. I don't think there's any difference between those two terms, and Petitioner agrees, which is why. So why did they put the why did they do that? I think because of the last No, I think the last category, abusive sexual conduct involving a minor or ward, was meant to indicate and make clear that Congress was picking up State offenses where a person is deemed incapable of giving consent because they are a minor or a ward. They are deemed incapable by the law, even though under a generic definition of sexual abuse that may apply to everyone. Scalia Ward, a ward, why would you say why would you add ward if that was the reason for it? Why wouldn't you just say of a minor? Well, Congress added ward. Yeah, why? That's what I'm asking. Right. Well, we think the most To achieve what you say they were achieving, it would have sufficed to say minor. No, I don't think so. No? A minor, a ward is not just a person who is a minor or a foster child or a person who has been placed under a guardianship because of mental incompetence or something like that. Those people are all wards. But as we have explained in our brief, a ward also very clearly includes a prisoner, and Congress would have known that. And the Federal sexual abuse of a ward provision refers basically to a prisoner. But that's not somebody who could not give consent. Under You're saying the reason for it was they wanted to pick up people who could not consent to the thing. But to do that, all they had to say was minor. No, I think that a ward is also basically deemed incapable of giving consent by the statute. Prisoners are deemed incapable of giving consent? The law has the same sort of operation, yes. It deems the conduct abusive even if it's consensual. Section 2243 does that, the Federal sexual abuse of a ward statute, and we've cited in footnote 14 a lot of State laws that prohibit the same thing. In concrete, you mean that if it was a prison guard and a prisoner, even if the prisoner said yes? Exactly. That that would be deemed abusive sexual contact. But a ward could also be a 40-year-old person who's incompetent. Correct. A ward could certainly be an adult. And I think this is a key point that Petitioner has never really answered, is that Petitioner is trying to say that there's this clear pattern that Congress had when it was creating these lists, and that the Federal crimes can involve both adults and minors, but it was always limiting the State law crimes to crimes against children. And it just isn't the case. And even under his interpretation, because wards are included, there's at least some adult sexual abuse crimes against adults that are being swept up, even if it applies to all three categories. And also in Section 2251e, the enhancement for child pornography production offenses, the only way that you could read that provision is to include sexual abuse offenses against adults. And so it's not the case that there's this very clear pattern where Congress was only including child victim counterparts to all of the Federal offenses that it was putting on the list. Ms. O'Connell. Is Petitioner right when Petitioner says that it was the Department of Justice's original view that involving a minor or ward, it modified all three categories, that that was the first position that the government took, and then the government changed? No. I don't think that that is an official position that the government took. We never took that position in a brief. Any time we were confronted with actually interpreting the statute as a legal matter, we have contended that involving a minor or ward applies only to the last category. Where did he get that idea from, then? Where did he get that idea? What had the Department said that suggested the opposite? There was this letter submitted in 1998 that the Petitioner cites, where when the author of the letter, the point of the paragraph is to say, look, Congress, in the sexual abuse provision or the recidivist provision for receipt and distribution offenses in 2252b1, you have all these State law crimes that you didn't include on the list of predicate offenses for 2252b2, the possession offenses, and we think you should line them up. In summarizing that argument, the drafter of the letter referred to them as child molestation crimes or child abuse crimes. It was an under-inclusive, inaccurate, short — it wasn't inaccurate. They do involve child molestation crimes. But it was just a useful way of summarizing what was there and what would have been most helpful to Congress. Scalia, surely it shows that an intelligent person could think that that's what this involved. I assume the person read this and thought that that's what it meant. And, Justice Scalia, I think that's why the canons of interpretation don't get anybody 100 percent of the way there. I agree. What I worry about is the rule of lenity. You have these dueling canons, and you have a rule that when the government sends somebody to jail for 10 years, it has to turn sharp corners. It has to dot every I and cross every T. It has to be clear. And, you know, we've been discussing this dueling canons and so forth. My goodness, I have no — I have no assurance what the right answer is. But I know that somebody could read this and think that it means what the Petitioner says it means. And if that's the case, it seems to me the rule of lenity comes into play. That's what concerns me most about this case, not the dueling canons. Justice Scalia, I think if you read the text of the statute once, you may think, I don't know what this means. It could go either way. But if you just read the rest of the list of things that Congress included and take a look at it, we think there's four things that jump out that make clear that involving a minor or ward only is modifying the last category. The first is the redundancy problem that Petitioner's interpretation creates there. Kagan Well, could I ask about your basic theory as to that, which, if I understand it, says the reason why we shouldn't worry about the redundancy you create is because Congress just wanted to make absolutely clear that the sexual abuse was also sexual abuse involving somebody who couldn't consent. That's basically your theory. And there is a very easy way to do that, and it would have completely made this – I mean, made this 100 percent clear. Congress would just have said aggravated sexual abuse, sexual abuse, or sexual abuse involving a minor or ward. And just by using the exact same language, it would have been clear what the distinction was between sexual abuse and sexual abuse involving a minor or ward. But Congress doesn't do that, right? Congress changes the language of the third noun, and that's what creates the puzzlement. And so it seems to me that your theory doesn't really cohere with the fact that this third term, although nobody can say exactly what it means that it's different, the third term is linguistically dissimilar from the second one. It is, but under a generic interpretation of sexual abuse, any generic definition that a court has come up with, I think one that is a typical one is sexual conduct that uses or misuses or injures a victim so as to cause harm or damage. They all include sexual conduct. And so regardless of whether sexual conduct is, you know, under the Federal law, sexual conduct could be both a sexual act or a sexual contact, anything that's But the term sexual abuse was already broad enough to cover abusive sexual conduct. I can't say that I know why Congress didn't say sexual abuse of a minor or ward as opposed to abusive sexual conduct involving a minor or ward. But I think the key part of it to focus on is the fact that they used this, the term involving a minor or ward. It's the same category or category of people that they are trying to pick up that's reflected in the prohibitions on sexual. Sotomayor, why not just say, drop the abusive, just say sexual conduct with a minor or a ward, because now you have to deal with the adjective abusive. So how does that get you to consent or no consent? I think Congress could have done this without saying abusive, but, you know, the Federal sexual abuse statute of a minor or ward is called sexual abuse of a minor or ward. They also include the word abusive. I think it's just, the ambiguity really is that abuse could mean different things depending on who the victim is. Something could be abusive because it's done to or in front of a child, but not an adult. And so that may be, it's not a reason why Congress wouldn't, would need it to use the word abusive. But there is a reason, it is a reason why there could be some daylight between the two categories. Breyer, what would be on three? You said there were four reasons. I started where I think Justice Scalia did. Of course, I might more often than he think that the canons don't help us all that much. And this, if this is a poster child, I think for that proposition. And so you said, no, there are four things here that show that this isn't ambiguous. You shouldn't end up that way. Now, one was a redundancy, which I'm not sure what it was, and then you didn't get to the other three, which I'd like to hear. I apologize for that. I jumped in on it. No, it wasn't. The second reason why we think the Petitioner's interpretation doesn't make sense is because in the penalty provision for production offenses, section 2251e, Petitioner agrees that the only way you can read that penalty provision is to include State sexual abuse offenses against adults, because Congress worded it slightly differently. They included all the same crimes, but the way that provision is read, it says State laws relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children. So it's no longer involving a minor or ward is no longer a modifier that appears at the end of a list. This is at page 13a of the appendix to the Gray brief. And so there's only one possible interpretation of the list of State sexual abuse offenses in section 2251e, and there's two possible interpretations of the same three crimes in the next provision. And so the Court would have a choice between saying that those, the State sexual abuse offenses have different scopes in the two provisions. Third is that it ignores, Petitioner's interpretation ignores the clear parallel between the three main categories of sexual abuse offenses in Chapter 109a, the Federal sexual abuse offenses, and the three categories that it created for State sexual abuse offenses. And the fourth? Scalia Which is not a parallel, if you read the word, right? Because contact is not conduct. O'Connor I think that's, that is debatable. I mean, there's a, the sexual contact. Scalia Debatable, the contact and conduct are different words? O'Connor Not that they're different words, but I think even Petitioner points out that in the abusive sexual contact provision, sexual contact is, they start out by calling it sexual conduct in circumstances where it didn't amount to a sexual act. It's all conduct. Kagan But you're not suggesting this is just a Scrivener's error, are you, that it was meant to be contact? O'Connor I think that they both do the same job. So I don't, I don't know why it was changed, but I don't think there's a reason why it's being different. Roberts The fourth, fourth, fourth. O'Connor The fourth is that Petitioner's interpretation would frustrate the purpose of the statute because under the categorical approach it would exclude as predicates any sexual abuse crimes that were committed against children if the defendant was convicted under a generally applicable sexual abuse statute. Roberts Okay. So he'll say or is not in the, is in this one and it's not in the other one for a reason. He'll say there's superfluous readings both ways. He'll say that the, I can't remember the third, but the fourth, he's going to say, yes, it's under-inclusive versus over-inclusive. Yours is, it would be somewhat under-inclusive for the reason you say, and you take your reading, it will be over-inclusive for the reason he says. So if we're at, this is the only place I know, if we're absolutely at equipoise, which I can't say we are now, but I'll think it through. If we are absolutely at equipoise, before turning to the rule of lenity, I would like your comment on my temptation to say at least here the legislative history helps. And indeed. Scalia I knew you were going to say that. Roberts Indeed. Scalia I knew it. Roberts It isn't just a letter from the Justice Department. It is that the report, you know, the way these are actually written is that a general idea is given to a person whose job it is to draft. And that drafter tries to put in words the general intention that's been described, and the report is used to describe what the general intention was. I'm not saying 100 percent, but very often with technical statutes, that's how it works. So I read that report, and what do I discover? A repeat offender with a prior conviction under da, da, da, or under any State child abuse law, or law relating to the production, receipt, or distribution of child pornography, and it is only two years later after they pass that the Justice Department writes its letter noting that the provision they just passed involved individuals with prior convictions for child abuse and recommending an enhanced penalty as well if they had a prior conviction for sexual abuse of a minor. Okay? So I read that and said, short, but clear. And that's what the drafter would have been looking at when, the first one anyway, working with the staff of the committee when trying to translate general intentions of Senators and Representatives into actual language. And I think it's not contrary to popular belief to say that Senators and Representatives do hire staff to do such things and do not sit there with pen and pencil thinking, where does the or go? Okay? So what is the Justice Department's response to that? I think there are two things. The first is the response I gave before, which is just that this may have been a useful shorthand way to describe the conduct that Congress would have been most concerned about for the person writing the report and for the Department of Justice trying to convince Congress to add these State law crimes to the child pornography possession recidivist enhancement. And I think the other response is just that even if you think the letter is against us, you look at what Congress actually did. And they created a provision that basically parallels the three Federal offenses. They included many Federal offenses that can involve adult victims. And then 8 years later, when they added State law predicates to section 2251e, they made very clear that they understood the modifier to apply only to the last category. Scalia, you don't think Congress can leave it to its staff to decide what a statute means, do you? No. Isn't legislative power non-delegable? Right. We think the most important thing here is to look at the text of the statute. That's a really quite broad statute. I don't know what the 4,000 people over there are doing if they are not entrusted by their principals to write words on paper that would reflect the general idea. You think they can't do that? Justice Breyer, I think it, as we explained in the brief, it may have just been a useful shorthand way to describe the most serious conduct included in that provision. I don't know what the hundred people over there are doing if they are delegating everything to the staff. This letter that so much discussion has revolved around, who was it in the Department of Justice that wrote? It was the acting assistant attorney general, Ann Harkins. Could you talk about the rule of lenity? Does the rule of lenity apply with the same force when the question is the substantive definition of a crime is distinct from the penalty that's attached? It seems to me there's an argument that it should apply equally, but have we talked about that? I think the Court has typically applied the same strength rule of lenity to both substantive provisions and penalty provisions. Kennedy, that makes a great deal of sense. Other than that, rule of lenity, to the extent it's based on notice, it seems to have somewhat more force when it applies to the substantive definition of the offense as opposed to the punishment. But you could argue it either way. Have we talked about any distinction? There has not been a distinction in the Court's cases. There have been a few times where criminal defendants have tried to say that there should be a supercharged rule of lenity in a case that's talking about mandatory minimums or maximums or a consecutive sentence, and the Court has resisted that. And I think this would be not a good case for the Court to go down that path, because the guidelines range for this particular criminal defendant was 78 to 97 months. His minimum was 120. It's not actually a huge difference. And under current law, the statutory maximum would have been the same regardless of whether this enhancement applied. Justice Breyer has helpfully walked me through all of my points, so if the Court has no further questions. Kagan. Kagan. You know, it's confusing language, and I showed it to all my clerks and basically said how would you read it, and two came out on one side and two came out on the other side, but I'm sort of left with this feeling that we're not within a situation where there are dueling canons. We actually might be in a situation where one canon trumps the other. I mean, you have this last antecedent rule, and that's an important rule, but it gives way when a certain – when there's a certain quality to all the antecedents, when they're all parallel and when the last modifier equally sensibly refers to them all, right? And that that's a situation, so that series qualifier rule is in some sense a rule about when the last antecedent rule doesn't apply. So I guess I would ask you to comment on that. O'Connell. I have a couple of different responses. The first one is that the context is the most important thing, and it's not the case that the Court hasn't applied the last antecedent rule in cases where the statute involves a list of parallel terms. I think the FTC v. Mandel Brothers is the best example of that. There's a list of a purchaser, consignee, factor, bailee, correspondent or agent, or any other person who's engaged in dealing commercially in fur products or fur, and the Court said it didn't make sense to only apply this to a purchaser who's also dealing in the – in the fur products, and so we're going to apply it only to the last antecedent. The series qualifier principle, you know, Petitioner relies quite heavily on the explanation in Justice Scalia's book that goes through all of the canons, and that – the book even says that the series qualifier principle more so than others is highly dependent on context and can be overcome if something doesn't feel right about the way that it – the statute reads when you apply it, and we think the clearest indication here that it doesn't make sense for the qualifier to apply to all three of the categories is that it literally renders categories B and C the same. I'll point out just one other thing. Justice Breyer, you mentioned during the Petitioner's argument that you noticed that each of the Federal predicates, 2241, 2242, 2243, have a provision that applies to minors and wards. Section 2242 does not. Breyer, but it's followed by what could be taken as. They just gave it a different number. Isn't that right? 2243 does, in fact, deal with minors. 2243 is the sexual abuse of a minor or ward provision. Right. 2241, aggravated sexual abuse, has a special subsection dealing with very young children. Section 2242, the general sexual abuse crime, does not include any specific for minors or wards. I saw that. All right. Thank you. Thank you, counsel. Mr. Zastrow, you have four minutes. Justice Alito, Justice Scalia, and Justice Breyer, I think, all echoed the same theme, which is, at the very least, this statute is not unambiguously correct, which is the standard, the language this Court used in Granderson for when the rule of lenity must apply. So under that rule. I don't think I actually said anything about the rule of lenity. No, no. Your Honor did say. I don't think he ever mentioned the rule of lenity. No, but he did say, he did use the word ambiguity, and he did say that the statute was poorly drafted. And I think we certainly would agree that this is not a model of the drafter's art by any means. But going. You are making an argument that an awful lot of this big book is subject to the rule of lenity because a lot of it is very poorly drafted. Well, this is not just poorly drafted. We, both sides, have gone through all the canons, all the tools, legislative history. And at the end of the day, as Justice Kagan pointed out, you can read it reasonably both ways. But we think, as a matter of text, we actually have the better reading. My colleague from the Solicitor General's office conceded when she was up here that there's no difference between sexual abuse and abuse of sexual conduct. So the parties agree on that, and yet we draw radically different conclusions. The government says the solution is to just limit the modifier to the second term. But that doesn't eliminate surplusage. It causes the entire modifying phrase, the entire category, abuse of sexual conduct involving a minor reward, to effectively drop out of the statute. Our solution is to say give the non-redundant portion of the statute involving a minor reward some meaning. Congress used those words for a reason, and the reason was the problem they were focused on, which is the danger to children. So the way to preserve effect for that modifying phrase is to apply it to all three terms, which makes perfect sense. If two of them mean exactly the same thing, why in the world would Congress limit only one to minors and children? They're synonyms. It makes sense. Sotomayor, My problem is why would they include adults as a predicate for the minimum in Federal crimes, but not in State crimes? I know they have done it in other situations. But why here? If they're worried about the abuse of children, why would they not capture every conceivable person or every conceivable abusive act towards kids? Well, in addition to the fairness and administrability problems we've identified, Congress reasonably could have determined that people who commit abuse offenses against adults, as bad as that is, don't pose the same level of danger to children. Breyer, she's saying why, but they do include the sexual abuse adult when you're talking about prior conviction of a Federal crime. The answer, I guess, has to be that the drafters know what they're getting into with the Federal crimes, and they have no idea what they're getting into when they're dealing with 50 State crimes. Is that your response? I'm not trying to put words in your mouth. I want to know what's what I read in the. Your Honor, that's one answer. But let's take an offense as to which there isn't much ambiguity, rape, all right, under the ordinary meaning. Why would rape in a Federal enclave qualify, but rape a few yards away, perhaps, in State territory not qualify? Because Congress was not focused on symmetry in that way. The Federal predicates were added by the 1994 Congress. They were, yes, they were made Federal predicates. The later Congress, 1996 Congress, was the one that added the State law predicates. So it's not as if the same legislators are making this decision at the same time, should we cover Federal and Mr. Chief Justice, I'm sorry, I see my light is on. Thank you, counsel. The case is submitted.